IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL E. HUGHES, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] |
| | ] |
| IQVIA RDS INC. d/b/a | ]   JURY TRIAL DEMANDED |
| IQVIA INC., | ] |
| | ] |
| Defendant. | ] |

## COMPLAINT

Plaintiff Jill E. Hughes ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendant IQVIA RDS, INC. d/b/a IQVIA Inc. ("Defendant" or "IQVIA") for discrimination based on ancestry and/or ethnic characteristics in violation of 42 U.S.C. § 1981 and, under supplemental jurisdiction, for discrimination on the bases of national origin, ethnicity, sex, disability, and age, as well as retaliation and constructive discharge, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("IHRA"). In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1981.

2. This Court has supplemental jurisdiction over Plaintiff's state-law claims arising under the IHRA pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant

conducts business in this District.

## PARTIES

4. Plaintiff Jill E. Hughes is a resident of the State of Illinois and, at all relevant times, was an employee of Defendant within the meaning of 42 U.S.C. § 1981 and the IHRA.

5. Plaintiff is a white female of Irish ancestry and identifies as Irish American, which constitutes a protected racial or ethnic group under § 1981 and the IHRA.

6. Defendant IQVIA Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Durham, North Carolina.

7. Defendant conducts substantial business in Illinois and is an "employer" within the meaning of the IHRA, 775 ILCS 5/2-101(B)(1), and is subject to liability under 42 U.S.C. § 1981 as a private entity engaged in employment contracts.

## FACTUAL ALLEGATIONS

### Federal Claim

8. Plaintiff is a white female of Irish descent. She is currently over the age of 50 and is a cancer survivor with asthma.

9. On April 27, 2021, Plaintiff began working for Defendant as a short-term employee through a third-party contractor, Populus Group.

10. Her position was Senior Medical Communications Writer.

11. Based on her performance, on July 27, 2021, she was hired into the position full-time.

12. Throughout her employment, Plaintiff's performance met or exceeded Defendant's legitimate expectations.

13. She consistently delivered high-quality work, met deadlines, and contributed to team objectives.

14. Defendant was aware of Plaintiff's Irish ancestry through her self-identification and interactions with supervisors and colleagues.

15. Beginning on or about January 22, 2023, and escalating continuously through July 14, 2023, Defendant subjected Plaintiff to discriminatory treatment based on her Irish ancestry and ethnic characteristics.

16. Defendant's discriminatory conduct included, but was not limited to, disparate treatment by UK-based executives Sally Tranter (Vice President of Operations) and Rebecca Galbraith (Head of IQVIA Medical Communications), who unfairly distributed workload, excluded Plaintiff from key meetings and decisions, and denied access to information crucial to her professional development, while treating similarly situated non-Irish team members more favorably.

17. On or about July 17, 2023, Defendant, through Kate Bankaitis (Director of Medical Communications), placed Plaintiff on a Performance Improvement Plan ("PIP").

18. The stated reasons for the PIP were pretextual, as Plaintiff's performance was satisfactory.

19. Instead, the PIP was motivated by discriminatory animus toward Plaintiff's Irish ancestry.

20. Similarly situated employees who were not of Irish ancestry were not subjected to similar PIPs or scrutiny under comparable circumstances, despite equivalent or lesser performance.

21. On or about August 18, 2023, Defendant, through Steven Martin (Medical Director) and Kate Bankaitis, subjected Plaintiff to intolerable working conditions, leading to her constructive

discharge.

22. The constructive discharge was purportedly for performance reasons related to the PIP, but this was pretextual. The true motivation was discrimination based on Plaintiff's Irish ancestry.

23. Similarly situated employees who were not of Irish ancestry were retained despite similar or worse performance issues, and Defendant did not subject them to constructive discharge under comparable circumstances.

24. Defendant's actions also created a hostile work environment based on Plaintiff's race/ancestry, including but not limited to unequal treatment, unwarranted scrutiny, and exclusion from opportunities, which interfered with Plaintiff's ability to perform her job.

25. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, and other damages.

**State Law Claims**

26. Plaintiff timely filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") (IDHR Charge No. 2024CA1997), alleging, inter alia, discrimination based on national origin/ethnicity (Irish American), which encompasses racial/ancestral discrimination under applicable law, as well as sex, disability, age, and retaliation.

27. Plaintiff received a Notice of Complainant's Right to File Complaint or Civil Action on or about April 9, 2025. Plaintiff's time for filing a Complaint or Civil Action is in between: May 21, 2025 through August 18, 2025. This lawsuit is filed within that proscribed period.

28. Plaintiff alleges the following claims under the IHRA:

a. Sexual Harassment and Sex Discrimination: On or about March 6, 2023, Plaintiff was subjected to egregious sexual harassment by Tim Gaunt (Business Development representative and member of management), including lewd remarks and sexually explicit stories. When Plaintiff protested, Gaunt became hostile. This was the second incident of gender-based harassment; on or about January 15, 2023, Plaintiff was harassed by external contractor Rishi Varma. Plaintiff reported these incidents to HR, but her supervisor Steven Martin attempted to block the reports. Defendant subjected Plaintiff to disparate treatment based on sex, including unfair workload distribution, exclusion from meetings, and denial of professional development opportunities, while treating similarly situated male employees more favorably.

b. Age Discrimination: Plaintiff was 47 at hire and over 50 during relevant events. Despite her qualifications, she was required to work a probationary period as a contractor, while younger, less experienced employees were hired directly full-time. From September 1, 2021, through July 14, 2023, Steven Martin subjected Plaintiff to disparate treatment based on age, including unfair workload, exclusion from meetings, and overcritical oversight, while treating younger employees more favorably.

c. National Origin and Ethnicity Discrimination: As an Irish American, Plaintiff was subjected to disparate treatment by UK-based supervisors Sally Tranter and Rebecca Galbraith from July 14, 2023, onward, including unfair workload and exclusion, while non-Irish employees were treated more favorably.

d. Disability Discrimination: Plaintiff's disabilities (cancer and asthma) were disclosed at on-boarding. From September 1, 2021, through July 14, 2023, Defendant subjected her to

5

disparate treatment based on disability, including unfair workload and exclusion. The PIP on July 17, 2023, was motivated by disability animus, and non-disabled employees were treated more favorably.

  e. Retaliation: Plaintiff engaged in protected activity by complaining about older workers not being promoted (January 22, 2023) and reporting harassment (March 6, 2023). Defendant retaliated with increased scrutiny, the PIP, and constructive discharge on August 18, 2023.

  f. Constructive Discharge: Defendant made Plaintiff's working conditions intolerable through discrimination, harassment, and retaliation, forcing her involuntary resignation on August 18, 2023.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
### (Disparate Treatment, Hostile Work Environment, and Constructive Discharge)

  29. Plaintiff incorporates by reference Paragraphs 8-28 through as if fully set forth herein. 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making, performance, modification, and termination of contracts, including employment contracts.

  30. The federal four-year statute of limitations set forth in 28 U.S.C. § 1658, applies to Plaintiff's § 1981 claims.

  31. Plaintiff is a member of a protected racial group under § 1981 due to her Irish ancestry, which constitutes a protected ethnic group.

  32. Defendant intentionally discriminated against Plaintiff on the basis of her race/ancestry by, among other things: (a) subjecting her to disparate treatment in workload,

6

meetings, and opportunities; (b) placing her on a pretextual PIP; (c) creating a hostile work environment through unequal treatment and exclusion; and (d) constructively discharging her.

33. Defendant treated similarly situated employees outside of Plaintiff's protected group more favorably under similar circumstances.

34. Defendant's actions were willful and in reckless disregard of Plaintiff's federally protected rights.

35. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## COUNT II

### NATIONAL ORIGIN AND ETHNICITY DISCRIMINATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT
### (775 ILCS 5/1-101 et seq.)
### (Supplemental Jurisdiction)

36. Plaintiff incorporates by reference Paragraphs 8 through 28 as if fully set forth herein.

37. The IHRA prohibits discrimination in employment on the basis of national origin and ethnicity. 775 ILCS 5/1-103(Q), 5/2-102(A).

38. Plaintiff is protected under the IHRA due to her Irish national origin and ethnicity. Defendant discriminated against Plaintiff on the basis of her national origin and ethnicity by subjecting her to disparate treatment, a hostile work environment, and constructive discharge, as detailed above.

39. Defendant's articulated reasons for its actions are pretextual, and the true motivation was discriminatory animus based on Plaintiff's national origin and ethnicity.

7

40. Defendant treated similarly situated employees not of Irish national origin/ethnicity more favorably.

41. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## COUNT III

### SEX DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT (775 ILCS 5/1-101 et seq.) (Supplemental Jurisdiction)

42. Plaintiff incorporates by reference Paragraphs 8 through 28 as if fully set forth herein.

43. The IHRA prohibits discrimination in employment on the basis of sex, including sexual harassment. 775 ILCS 5/1-103(Q), 5/2-102(A), (D).

44. Defendant discriminated against Plaintiff on the basis of her sex (female) by subjecting her to sexual harassment, disparate treatment, a hostile work environment, and constructive discharge, as detailed above.

45. Defendant's articulated reasons for its actions are pretextual, and the true motivation was discriminatory animus based on Plaintiff's sex.

46. Defendant treated similarly situated male employees more favorably.

47. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## COUNT IV

### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE ILLINOIS HUMAN RIGHTS ACT
### (775 ILCS 5/1-101 et seq.)
### (Supplemental Jurisdiction)

48. Plaintiff incorporates by reference Paragraphs 8 through 28 as if fully set forth herein.

49. The IHRA prohibits discrimination in employment on the basis of disability. 775 ILCS 5/1-103(I), 5/2-102(A).

50. Plaintiff is a qualified individual with disabilities (cancer and asthma) under the IHRA.

51. Defendant discriminated against Plaintiff on the basis of her disabilities by subjecting her to disparate treatment, a hostile work environment, and constructive discharge, as detailed above.

52. Plaintiff's disabilities were unrelated to her ability to perform the essential functions of her position with or without reasonable accommodation.

53. Defendant's articulated reasons for its actions are pretextual, and the true motivation was discriminatory animus based on Plaintiff's disabilities.

54. Defendant treated similarly situated non-disabled employees more favorably.

55. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## COUNT V

### AGE DISCRIMINATION IN VIOLATION OF THE
### ILLINOIS HUMAN RIGHTS ACT
### (775 ILCS 5/1-101 et seq.)
### (Supplemental Jurisdiction)

56. Plaintiff incorporates by reference Paragraphs 8 through 28 as if fully set forth herein.

57. The IHRA prohibits discrimination in employment on the basis of age (40 and over). 775 ILCS 5/1-103(A), 5/2-102(A).

58. Plaintiff was over 40 during the relevant events and protected under the IHRA.

59. Defendant discriminated against Plaintiff on the basis of her age by subjecting her to disparate treatment, a hostile work environment, and constructive discharge, as detailed above.

60. Defendant's articulated reasons for its actions are pretextual, and the true motivation was discriminatory animus based on Plaintiff's age.

61. Defendant treated similarly situated younger employees more favorably.

62. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## COUNT VI

### RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT
### (775 ILCS 5/1-101 et seq.)
### (Supplemental Jurisdiction)

63. Plaintiff incorporates by reference Paragraphs 8 through 28 as if fully set forth herein.

64. The IHRA prohibits retaliation against individuals who oppose discriminatory practices or file complaints. 775 ILCS 5/6-101(A).

65. Plaintiff engaged in protected activity by complaining about discrimination and harassment.

66. Defendant retaliated against Plaintiff by subjecting her to increased scrutiny, a pretextual PIP, a hostile work environment, and constructive discharge.

67. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

68. As a direct and proximate result, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jill E. Hughes respectfully requests that this Court enter judgment in her favor and against Defendant IQVIA Inc., and grant the following relief:

A. Declare that Defendant's actions violated 42 U.S.C. § 1981 and the IHRA;

B. Award Plaintiff compensatory damages in an amount to be determined at trial, including back pay, front pay, lost benefits, and emotional distress damages;

C. Award Plaintiff punitive damages under § 1981 for Defendant's willful and reckless conduct;

D. Award Plaintiff reasonable attorneys' fees, costs, and expert witness fees pursuant to 42 U.S.C. § 1988 and 775 ILCS 5/8-108;

E. Award pre-judgment and post-judgment interest;

F. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 10, 2025

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Lee Winston
Attorneys for the Plaintiff
*Pro Hac Vice Forthcoming*

**Of Counsel:**
Winston Cooks, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Tel: (205) 482-5174
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com

**Plaintiff's Address:**
Jill E. Hughes
c/o Winston Cooks, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Tel: (205) 482-5174
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com

**Defendant's Address:**
IQVIA RDS INC.
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703-4261